UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KIRK R.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

CASE NO. C19-5538-BAT

**ORDER AFFIRMING THE COMMISSIONER**

       Plaintiff seeks review of the denial of his application for Disability Insurance Benefits. He contends the ALJ erred by discounting his subjective testimony, his treating nurse's opinions, and his wife's statement. Dkt. 8 at 1. As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

       Plaintiff is currently 42 years old, has two years of college education, and previously worked at a lumber mill as a forklift operator, shipping clerk, special order laborer, and chain puller. Tr. 57, 188, 218. In February 2016, he applied for benefits, alleging disability as of January 8, 2016.[1] Tr. 154-55. His application was denied initially and on reconsideration. Tr. 89-91, 95-99. The ALJ conducted a hearing on January 2, 2018 (Tr. 31-62), and subsequently

---

[1] At the administrative hearing, Plaintiff amended his alleged onset date to July 1, 2016. Tr. 40.

ORDER AFFIRMING THE COMMISSIONER - 1

found Plaintiff not disabled. Tr. 15-25.  As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision.  Tr. 1-6.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[2] the ALJ found:

**Step one:** Plaintiff had not engaged in substantial gainful activity since the amended alleged onset date.

**Step two:** Plaintiff's lumbar spine degenerative disc disease is a severe impairment.

**Step three:** This impairment did not meet or equal the requirements of a listed impairment.[3]

**Residual Functional Capacity ("RFC"):** Plaintiff can perform light work with additional limitations: he can lift/carry 20 pounds occasionally and 10 pounds frequently. He can stand/walk for six hours in an eight-workday, and sit for six hours in an eight-hour workday.  He can occasionally climb ramps and stairs.  He cannot climb ladders, ropes, or scaffolds.  He can frequently stoop, kneel, and crouch.  He can never crawl.  He must avoid concentrated exposure to vibrations and hazards in the workplace, such as moving machinery and unprotected heights.

**Step four:** Plaintiff could perform his past work as a shipping clerk, and he is therefore not disabled.

**Step five:** In the alternative, there are also jobs that exist in significant numbers in the national economy that Plaintiff can perform.

Tr. 15-25.

## DISCUSSION

**A.  Plaintiff's Testimony**

The ALJ discounted Plaintiff's testimony on the grounds (1) a physician found Plaintiff's pain was out of proportion to the objective evidence; (2) Plaintiff stopped working because his employer paper mill shut down, and Plaintiff received unemployment benefits

---

[2] 20 C.F.R. §§ 404.1520, 416.920.

[3] 20 C.F.R. Part 404, Subpart P, Appendix 1.

afterward; and (3) the record shows Plaintiff overused his pain medication at times. Tr. 20-21. Plaintiff contends these reasons are not clear and convincing, as required in the Ninth Circuit. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

### 1. Objective medical evidence

Sheila Smitherman, M.D., evaluated Plaintiff's back pain complaints in December 2016 to determine whether he was a candidate for back surgery. Tr. 388-90. Dr. Smitherman noticed Plaintiff reported tenderness in his back that was "very disproportionate to pressure applied." Tr. 390. The doctor also wrote Plaintiff reported pain with weight bearing with his right leg, even though his herniated disc is "eccentric to the left." *Id*. The ALJ cited Dr. Smitherman's note as evidence Plaintiff's reports were not corroborated with the objective medical evidence. Tr. 20-21.

The Commissioner acknowledges lack of corroborating objective medical evidence cannot alone support an ALJ's discounting of a claimant's allegations but argues that the ALJ did not err in considering the extent to which the objective evidence supported Plaintiff's claims, as one of many factors. Dkt. 9 at 2-3. The Court agrees it was not unreasonable for the ALJ to rely on Dr. Smitherman's evaluation notes to discount plaintiff's testimony. Although Plaintiff points to a January 2017 MRI performed the month after Dr. Smitherman's evaluation, claiming it shows new "right-sided findings" that would corroborate his reports (Dkt. 10 at 2), the 2017 MRI report itself indicates that when the 2014 MRI and 2017 MRI are compared, there are no "significant changes." Tr. 392-93. Moreover, Dr. Smitherman noted Plaintiff's pain complaints were "very disproportionate" to the pressure she applied on examination, and this observation is not undermined by the 2017 MRI. Thus, the ALJ did not err in citing lack of corroboration in the objective medical record as a reason to discount Plaintiff's testimony.

ORDER AFFIRMING THE COMMISSIONER - 3

### 2. Work history

That Plaintiff stopped working for reasons unrelated to his impairments, and received unemployment benefits after he stopped working, also supports the ALJ's assessment of Plaintiff's testimony. *See* Social Security Ruling ("SSR") 82-61, 1982 WL 31387, at *1 (Jan. 1, 1982) ("A basic program principle is that a claimant's impairment must be the primary reason for his or her inability to engage in substantial gainful work."); *Ghanim v. Colvin*, 763 F.3d 1154, 1165 (9th Cir. 2014) ("Continued receipt of unemployment benefits does cast doubt on a claim for disability, as it shows an applicant holds himself out as capable of working.").

Plaintiff accurately notes he received unemployment benefits *before* his amended alleged onset date, but the ALJ reasoned because Plaintiff was able to work until the mill closed down, and held himself out as available to work thereafter — with no objective evidence showing his condition worsened since that time — then Plaintiff should still be able to perform that light-duty job now. Tr. 21. Plaintiff has not shown this inference is unreasonable, and therefore has failed to establish error as to this portion of the ALJ's decision.

### 3. Pain medication

The ALJ referred to evidence suggesting Plaintiff overused his pain medications. Tr. 21 (citing Tr. 316, 333, 350, 399). Plaintiff points to other treatment notes indicating he requested a reduction in his dosage so he could avoid becoming addicted. Dkt. 10 at 3 (citing Tr. 370-72, 399-402, 405, 407, 409, 411, 413, 415-19, 421, 423). It is not entirely clear for what proposition the ALJ was citing Plaintiff's use of pain medication, because the ALJ seemed to suggest Plaintiff's overuse of pain medication indicated his symptoms were severe, but also suggested that Plaintiff's ability to continue working while on pain medications indicates the medications were at least somewhat helpful. Tr. 21. Even if the ALJ erred in finding Plaintiff's pain

medication use undermined his self-reports, this error would be harmless in light of the ALJ's other valid reasons to discount Plaintiff's testimony. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008). Because the ALJ provided several clear and convincing reasons supported by substantial evidence to discount Plaintiff's testimony, the Court affirms the ALJ's assessment of Plaintiff's testimony.

**B.      Laura Raykowski, ARNP**

Ms. Raykowski, Plaintiff's treating nurse, completed a form opinion in December 2016 indicating Plaintiff would need to frequently lie down during the day for 30-40 minutes at a time, and working full-time would cause his condition to deteriorate. Tr. 385-86. In January 2018, Ms. Raykowski wrote her opinion had not changed since the 2016 opinion. Tr. 429.

The ALJ found Ms. Raykowski's "general, conclusory" statement that working would cause Plaintiff's condition to deteriorate was not reliable because she did not provide that opinion in the context of any particular job requirements or work restrictions.[4] Tr. 22. The ALJ also found Ms. Raykowski's opinion to be inconsistent with Dr. Smitherman's evaluation, which noted disproportionality between Plaintiff's symptoms and the objective evidence, as well as inconsistent with the State agency consultant's opinion regarding Plaintiff's RFC. *Id.*

Plaintiff contends if the ALJ needed more specificity from Ms. Raykowski regarding the type of work that she believed would cause Plaintiff's condition to deteriorate, he should have recontacted her. Dkt. 8 at 12-13. Plaintiff points to no authority requiring an ALJ to recontact a treating source under circumstances here, where the ALJ rejects an opinion as conclusory. The

---

[4] The ALJ also suggested that this opinion infringed upon an issue reserved to the Commissioner (Tr. 22), which the Commissioner concedes is not supported by substantial evidence. Dkt. 9 at 7. However, this error is harmless in light of the ALJ's other valid reasons to discount Ms. Raykowski's opinion. *See Carmickle*, 533 F.3d at 1162-63.

ORDER AFFIRMING THE COMMISSIONER - 5

ALJ here neither found Ms. Raykowski's opinion to be ambiguous, nor found the record to be inadequate, and therefore his duty to further develop the record was not triggered. *See Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001) (holding that an "ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence"). The ALJ's reasonable finding Ms. Raykowski's opinion was conclusory is a germane reason to discount her opinion. *See Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.").

The ALJ also reasonably relied on the inconsistency between Ms. Raykowski's opinion and Dr. Smitherman's evaluation and the State agency review, given that, as the ALJ explained (Tr. 21), Ms. Raykowski is a nurse with less expertise than those physicians and she apparently did not comment upon the congruity between Plaintiff's complaints and the objective evidence, as did Dr. Smitherman. *See, e.g.*, SSR 06-03p, 2006 WL 2329939, at *5 (Aug. 9, 2006) (indicating that an acceptable medical source's opinion may be entitled to more weight than a non-acceptable medical source opinion, due to the acceptable medical source's greater expertise).[5] Because the ALJ provided germane reasons to discount Ms. Raykowski's opinion, the Court affirms the ALJ's assessment of the opinion.

**C. Plaintiff's wife's statement**

Plaintiff's wife completed a third-party function report describing his symptoms and limitations. Tr. 200-07. The ALJ summarized Plaintiff's wife's report and stated he considered

---

[5] The Commissioner abolished the distinction between "acceptable medical sources" (such as physicians) and "other sources" (such as nurses) for claims filed after March 27, 2017, but Plaintiff's claim was filed in 2016. *See* 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2).

them "alongside the treatment records and acceptable medical source opinions, which I find reliable. I conclude that [Plaintiff's wife's] statements do not prove that the claimant is more limited than I set forth in the [RFC] assessment." Tr. 22-23.

The Commissioner contends Plaintiff's wife's statement could be reasonably read as consistent with the ALJ's RFC assessment. Dkt. 9 at 8-9. Most of Plaintiff's wife's statement is indeed not necessarily inconsistent with the ALJ's RFC assessment, with one exception: she described Plaintiff as limited to walking only a few blocks before needing to rest for five minutes, and the ALJ found Plaintiff was capable of standing/walking for six hours in an eight-hour workday. *Compare* Tr. 19 *with* Tr. 205. Plaintiff himself described a walking restriction similar to his wife's statement, which the ALJ acknowledged (Tr. 20) and discounted in light of the treatment record and the medical opinion of the State agency consultant, who found Plaintiff capable of standing/walking for six hours per eight-hour workday. Tr. 20-22, 84. Because the ALJ properly discounted Plaintiff's self-reported limitations, which were similar to those described by his wife, the ALJ's reasoning with respect to Plaintiff's testimony applies with equal force to Plaintiff's wife's similar testimony. *See Valentine v. Comm'r of Social Sec. Admin.*, 574 F.3d 685, 693-94 (9th Cir. 2009) ("In light of our conclusion that the ALJ provided clear and convincing reasons for rejecting Valentine's own subjective complaints, and because Ms. Valentine's testimony was similar to such complaints, it follows that the ALJ also gave germane reasons for rejecting her testimony.").

Accordingly, Plaintiff has not met his burden to establish error in the ALJ's assessment of his wife's statement.

//

//

**CONCLUSION**

For the foregoing reasons, the Commissioner's decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 4th day of December, 2019.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge